## *Minute Order*

| Date: September 17, 2025, | **Honorable Thomas B. McNamara, Presiding** |
|---|---|
| | Anne E. R. Tunnell, Law Clerk |

In re: MELPO BELEGRATIS,      Case No. **24-14869 TBM**

Debtor.      Chapter 13

**Appearances**

| | | | |
|---|---|---|---|
| Trustee | **Douglas B. Kiel** | Counsel | **Matthew Hoelscher** |
| Debtor | **Melpo Belegratis** | Counsel | **Stephen E. Berken** |
| Creditor | **Nector Nasious** | Counsel | **Arthur Lindquist-Kleissler** |
| Creditor | **Heckenbach Law, P.C.** | Counsel | **David Heckenbach** |

Proceedings: **Non-Evidentiary Hearing on: (1) Confirmation of Chapter 13 Plan (Docket No. 94, the "Plan") filed by Melpo Belegratis (the "Debtor") and the Objections to Confirmation filed by Nector Nasious (Docket No. 102, "Mr. Nasious") and the Chapter 13 Trustee Kiel (Docket No. 103, the "Trustee") (together, the "Objections"); (2) the Debtor's Motion to Avoid Lien of Heckenbach Law, P.C. (the "Firm") (Docket No. 68, the "Section 522 Motion") and the Firm's Objection (Docket No. 80, the "Objection to Section 522 Motion"); and the (3) Objections to Debtor's Claim of Homestead Exemption in the Troy Street Property filed by Mr. Nasious (Docket Nos. 52, 107 and 115), the Trustee (Docket No. 108) and the Firm (Docket Nos. 121 and 123) (collectively the "Exemption Objections") and Debtor's Responses (Docket Nos. 128, 129 and 130, the "Responses").**

[X] Counsel for the Debtor, the Trustee, Mr. Nasious and for the Firm entered their appearances on the record by telephone.

[X] The Debtor, Melpo Belegratis, and Mr. Nasious were present for the hearing by telephone.

[X] Counsel for the Trustee represented that the Debtor was current with Plan payments. The Trustee's counsel reported that the Debtor had provided many documents in response to the Trustee's informal discovery requests, but that further formal discovery is needed. He reported (as the Trustee had stated in his Status Report (Docket No. 142)), that the parties had conferred and agreed that a combined evidentiary hearing should be set on the Section 522 Motion and the Exemption Objections because of the common factual and legal issues. He further represented that the parties had agreed to hold in abeyance the prosecution of the Plan and Objections to the Plan until after the Court had decided the Section 522 Motion and the Exemption Objections. They anticipate that only a day will be needed to present the evidence on those two matters.

[X] Counsel for the Debtor, Mr. Nasious and the Firm all concurred with the path forward as reported by the Trustee's counsel.

[X] Counsel for the Debtor, the Trustee and the Firm each stated they that do not intend to present expert testimony.  Counsel for Mr. Nasious stated that at this time, he did not intend to present the testimony of an expert.

<u>Orders</u>:

[X] For the reasons stated of record, the Court set a **one-day in person combined** evidentiary hearing on: the Section 522 Motion (Docket No. 68) and Objection to Section 522 Motion (Docket No. 80); and the Exemption Objections (Docket Nos. 52, 107, 108, 115, 121 and 123) and the Debtor's Responses (Docket Nos. 128, 129 and 130) for **WEDNESDAY, DECEMBER 10, 2025, commencing at 9:00 a.m.** in Courtroom E, U.S. Custom House, 721 19th Street, Denver, CO 80202.

[X] Exhibits must be marked for identification (Mr. Nasious, the Trustee and the Firm shall mark exhibits with names and numbers (i.e. Trustee Ex. ___" and Debtor shall mark exhibits with letters) and exchanged no later than **NOVEMBER 26, 2025**.  A List of Witnesses and Exhibits must be filed with the Court on or before **NOVEMBER 26, 2025**, substantially in the form of L.B.F. 9070-1.  Written objections directed to the exhibits must be filed and served on opposing counsel on or before **DECEMBER 3, 2025**, otherwise all objections except as to relevancy are waived.

[X] The Court advised the parties that a party's failure to disclose witnesses timely or to disclose and exchange exhibits timely may result in that party being prohibited from calling the undisclosed witness or introducing the undisclosed exhibits at the Evidentiary Hearing.

[X] On the date of the evidentiary hearing, each party shall provide three (3) copies of all exhibits to the Law Clerk or Courtroom Deputy.  Two (2) copies are for the Court and one (1) copy is for the witness. The original exhibits are to be used by the witness. Exhibits tendered to the Court shall be in three-ring binders and be individually tabbed with the appropriate exhibit letter/number.  Tabs must extend past the side of the paper. Exhibits in excess of ten (10) pages shall be numbered at the bottom of the page for easier access and use during trial.  The first document in each binder shall be a List of Witnesses and Exhibits, in the form consistent with L.B.F. 9070-1.1.  The parties will be required, consistent with Local Bankruptcy Rule 9070-1, to retain custody of their original exhibits following the evidentiary hearing.  Evidence will not be received by telephone or declaration, nor will parties be permitted to appear by telephone.  All parties shall appear in person or by counsel.

[X] The United States Bankruptcy Court for the District of Colorado has installed an electronic evidence presentation system in Courtroom E. The evidence presentation system allows for the display of evidence on various monitors located at the bench, the witness stand, the lectern and the counsel tables.  Pursuant to L.B.R. 9070-1, Attorneys wishing to use the Electronic Evidence Presentation System in the Courtrooms **must** comply with current courtroom technology procedures, available on our website at https://www.cob.uscourts.gov/electronic-evidence.   Counsel must familiarize themselves with the electronic presentation system in advance.  Practice sessions and testing of the equipment must be requested by counsel and must occur prior to the day of a scheduled court appearance, as the courtroom may not be

available and court staff will not be available for that purpose on the day of the proceeding. Each party utilizing the electronic evidence presentation system shall provide one thumb-drive of all exhibits in addition to paper exhibits as described above on the date of the Evidentiary Hearing.

[X] The Court confirms that the disputes set for trial are contested matters and discovery is available under Fed. R. Bankr. P. 9014(c) and 7026-7037 (which incorporates Fed. R. Civ. P. 26-37). All fact discovery must be completed by **NOVEMBER 19, 2025**. "Completed" means that all depositions are concluded and that responses to written discovery are due on or before the discovery completion date.

[X] The Court encouraged the parties who intend to conduct discovery to initiate any discovery promptly.

[X] Based on the statements of counsel for the parties (that they do not intend to present expert testimony), the Court will not set a deadline for the disclosure of expert witnesses and exchange of expert reports. If, however, any party changes their position, that party shall file by **OCTOBER 1, 2025**, a motion to present expert testimony and for the Court to set a schedule for expert disclosures. If such a motion is not filed by that date, no expert testimony will be allowed at the combined evidentiary hearing.

[X] The parties shall confer and prepare a list of uncontested background facts relating to the issues before the Court, and a list of exhibits which both parties agree are admissible at the Evidentiary Hearing. The Stipulations of Facts and Exhibits shall be filed with the Court on or before **DECEMBER 3, 2025.** If the parties are unable to reach an agreement as to any stipulated facts, a statement to that effect must be filed. If the parties reach an agreement that the evidentiary hearing is no longer required, they shall inform the Court and request that the evidentiary hearing be vacated.

[X] On or before **DECEMBER 3, 2025**, **IF ANY PARTY WISHES TO DO SO**, they may file a legal brief on the issues set for evidentiary hearing.

[X] With respect to the Plan (Docket No. 94) and Objections (Docket Nos. 102 and 103), the Court ordered that the contested confirmation matters be held in abeyance until after the Court rules on the Section 522 Motion and the Exemption Objections. Once the Court does so, it will set a prompt hearing and confirmation sequence.

---

Date: September 17, 2025

BY THE COURT:

*Thomas B. McNamara*
Honorable Thomas B. McNamara
United States Bankruptcy Court Judge